UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22500-BLOOM/Otazo-Reyes

BURROW, INC.,

      Plaintiff,

v.

EURO FURNITURE AND DESIGN LLC,

      Defendant.

_____/

## ORDER ON RENEWED MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Burrow Inc.'s ("Plaintiff") Renewed Motion for Entry of Final Default Judgment Against Defendant Euro Furniture and Design LLC ("Euro Furniture"), ECF No. [34] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.  BACKGROUND

The Complaint in this action was filed on July 13, 2021, against Defendants Euro Furniture and Ferhat Akiskali (collectively, "Defendants").  ECF No. [1]. Defendants were properly served with the Complaint on August 13, 2021. ECF Nos. [8] & [9]. Defendants were thus required to file responses to the Complaint on or before September 3, 2021. Both Defendants failed to do so and, on September 7, 2021, this Court issued its Order on Default Procedures, requiring Defendants to file their responses to the Complaint on or before September 14, 2021. ECF No. [9]. The Court thereafter granted an extension to September 28, 2021 for Defendants to file their responses to the Complaint. ECF No. [12]. On September 22, 2021 Defendant Akiskali, proceeding *pro se*, filed an Answer to the Complaint on behalf of himself and Euro Furniture. ECF No. [13].

On September 24, 2021, this Court instructed Euro Furniture that it must be represented by counsel and ordered Euro Furniture to retain counsel by October 6, 2021. ECF No. [15] ("Order"). The Court further instructed that, by October 6, 2021, such counsel was required to file Euro Furniture's response to the Complaint and show cause why default proceedings should not occur. *Id.* at 1-2. Euro Furniture failed to comply.

On October 8, 2021, the Court ordered Euro Furniture, by October 15, 2021, to show cause for its failure to retain counsel, warning that "failure to comply will result in sanctions, including but not limited to, the entry of default." ECF No. [17] at 1. Again, Euro Furniture failed to acknowledge or comply with the Court's instruction. Accordingly, on October 20, 2021, this Court struck Euro Furniture's Answer to the Complaint and ordered Plaintiff to submit a Motion for Entry of Clerk's Default. ECF No. [19].

On October 21, 2021, Plaintiff filed its Motion for Clerk's Entry of Default as to Euro Furniture. ECF No. [21], and the Clerk subsequently entered Default against Euro Furniture on October 22, 2021 for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. [22]. On November 12, 2021, Plaintiff filed its initial Motion for Entry of Final Default Judgment Against Euro Furniture. ECF No. [29] ("Initial Motion"). The Court denied the Initial Motion on the basis that it was premature because the case was proceeding against Akiskali, and further instructed Plaintiff that it may move for entry of default final judgment against Euro Furniture once liability is resolved as to Akiskali. ECF No. [30]. Thereafter, on November 15, 2021, Plaintiff and Akiskali filed a Joint Stipulation of Dismissal Without Prejudice, dismissing claims against Akiskali asserted in this action. ECF No. [32]

("Stipulation").[1]   Plaintiff now moves the Court to enter a default judgment against Defendant Euro Furniture.

## II. LEGAL STANDARD

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). *See* Fed. R. Civ. P. 55. Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *See PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). A plaintiff is not required to marshal additional proof where the factual allegations in the Complaint establish a *prima facie* case of liability on the part of the defendant. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (noting liability established due to defendant's failure to respond and trial court not required to take additional evidence). By failing to defend against the Complaint, a defendant is deemed to have admitted the well-pleaded factual allegations against it. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc*. 561 F.3d 1298, 1307 (11th Cir. 2009).

## III. DISCUSSION

In this case, Plaintiff's allegations establish that Defendant Euro Furniture willfully infringed, and continues to infringe claims 1-8 and 10-14 of Burrow's U.S. Patent No. 10,182,659 ("the '659 patent"), claims 15-19 of Burrow's U.S. Patent No. 10,433,648 ("the '648 patent"), and claims 1, 2, 4-6, 8, 10-17, 19 and 20 of Burrow's U.S. Patent No. 10,932,580 ("the '580 patent") (collectively, "the Infringed Patents"). The Complaint details how Euro Furniture engaged in the

---

[1] Following the Stipulation, the Court entered an Order of Dismissal without Prejudice, ECF No. [32], dismissing this action without prejudice. The Court acknowledges that because the Stipulation was as to Akiskali only, the Court should have indicated that this action shall proceed against the remaining defendant—i.e., Euro Furniture.

making, using, offering to sell, selling and/or importing various furniture products and systems, including, but not limited to modular furniture products commercialized under the trade name "Spark Sofa." (collectively, "the Accused Products") which infringe on the Infringed Patents. The Complaint and its exhibits set forth the elements necessary to establish that Plaintiff indeed was the true holder of those patents which were infringed upon by Defendant Euro Furniture, thereby demonstrating that default judgment with a finding of infringement pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against the Defendant.

This Court may enter judgment if plaintiff's claim has sufficient evidence to support the request for damages. Here, Plaintiff has submitted the declaration of Roman Tsibulevskiy establishing that a reasonable royalty on the sales that Plaintiff is currently aware of sourced from the Defendant Euro Furniture and Design LLC would be at least $4,313.10. ECF No. [34-1]. This is sufficient evidence to establish with reasonable certainty the allowable damages.

This Court may also grant an injunction "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. *See Glob. Tech LED, LLC v. HiLumz Int'l Corp.*, No. 2:15-CV-553-FTM-29CM, 2018 WL 11353996, at *7 (M.D. Fla. Dec. 21, 2018).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [34]**, **GRANTED**.

2. The defaulting Defendant, Euro Furniture, its officers, agents, servants, employees, attorneys, and other persons acting in concert with them are permanently enjoined and restrained from:

    a. making, using, offering for sale, selling and importing the Accused Products and any product infringing on the Infringed Patents;

    b. aiding, abetting, contributing to, incurring, enabling, causing, or otherwise assisting anyone in infringing upon the Infringed Patents;

3. Pursuant to 35 U.S.C. § 284, Plaintiff is awarded a reasonable royalty for Euro Furniture's infringing activities in the sum of $4,313.10.

4. The clerk is directed to enter judgment in favor of Plaintiff and against Defendant Euro Furniture in the total amount of $4,313.10.

5. Pursuant to Federal Rule of Civil Procedure 58, Final Default Judgment will be entered by separate order.

6. The Court reserves jurisdiction to assess Plaintiffs' attorneys' fees and costs. **On or before two weeks from the date of this Order**, Plaintiff's counsel shall submit the affidavit(s), compliant with Local Rule 7.3(a), specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorneys' fees, and taxable/non-taxable costs.

7. The Court retains jurisdiction to enforce the Judgment and Permanent Injunction.

8. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 7, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-22500-BLOOM/Otazo-Reyes

Copies to:

Counsel of Record

Euro Furniture and Design LLC,
589 NW 72nd Avenue
Miami, FL 33166