UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22500-BLOOM/Otazo-Reyes

BURROW, INC.,

    Plaintiff,

v.

EURO FURNITURE AND DESIGN LLC,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTION FOR FEES,
MOTION FOR COSTS, AND MOTION FOR ENHANCED DAMAGES**

**THIS CAUSE** is before the Court Plaintiff Burrow, Inc.'s ("Plaintiff") Verified Motion for Attorneys' Fees, ECF No. [41] ("Motion for Fees"), Motion for Bill of Costs, ECF No. [42] ("Motion for Costs"), and Motion for Enhanced Damages Pursuant to Fed. R. Civ. P. 59(e) and 35 U.S.C. § 284, ECF No. [43] ("Motion for Enhanced Damages") (collectively, "Motions"). Defendant Euro Furniture and Design LLC ("Euro Furniture") had the opportunity to respond to the Motions but has failed to do so. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised.

**I.   BACKGROUND**

On July 13, 2021, Plaintiff initiated this action against Defendants Euro Furniture and Ferhat Akiskali (collectively, "Defendants"). ECF No. [1]. Defendants were properly served with the Complaint on August 13, 2021 and were thus required to file responses to the Complaint no later than September 3, 2021. ECF Nos. [8] & [9]; *see* Fed. R. Civ. P. 12(a)(1)(A). Both Defendants failed to do so. On September 7, 2021, this Court issued its Order on Default Procedures, requiring Defendants to file their responses to the Complaint on or before September 14, 2021. ECF No. [9].

The Court thereafter granted an extension to September 28, 2021 for Defendants to file their responses to the Complaint. ECF No. [12]. On September 22, 2021 Defendant Akiskali, proceeding *pro se*, filed an Answer to the Complaint on behalf of himself and Euro Furniture. ECF No. [13].

On September 24, 2021, this Court instructed Euro Furniture that it must be represented by counsel and ordered Euro Furniture to retain counsel by October 6, 2021. ECF No. [15] ("Order"). The Court further instructed that, by October 6, 2021, such counsel was required to file Euro Furniture's response to the Complaint and show cause why default proceedings should not occur. *Id.* at 1-2. Euro Furniture failed to comply. On October 8, 2021, the Court ordered Euro Furniture, by October 15, 2021, to show cause for its failure to retain counsel, warning that "failure to comply will result in sanctions, including but not limited to, the entry of default." ECF No. [17] at 1. Again, Euro Furniture failed to acknowledge or comply with the Court's instruction. Accordingly, on October 20, 2021, this Court struck Euro Furniture's Answer to the Complaint and ordered Plaintiff to submit a Motion for Entry of Clerk's Default. ECF No. [19].

On October 21, 2021, Plaintiff filed its Motion for Clerk's Entry of Default as to Euro Furniture. ECF No. [21], and the Clerk subsequently entered Default against Euro Furniture on October 22, 2021 for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. [22]. On November 12, 2021, Plaintiff filed its initial Motion for Entry of Final Default Judgment Against Euro Furniture. ECF No. [29] ("Initial Motion"). The Court denied the Initial Motion on the basis that it was premature because the case was proceeding against Akiskali. *See generally id.* The Court further instructed Plaintiff that it may move for entry of default final judgment against Euro Furniture once liability is resolved as to Akiskali. *Id.* On

November 15, 2021, Plaintiff and Akiskali filed a Joint Stipulation of Dismissal without Prejudice, dismissing the claims against Akiskali asserted in this action. ECF No. [32] ("Stipulation").[1]

On November 23, 2021, Plaintiff filed a Renewed Motion for Entry of Final Default Judgment Against Defendant Euro Furniture and Design LLC, ECF No. [34] ("Renewed Motion"). The Court granted the Renewed Motion on December 7, 2021. ECF No. [38]. The Court separately entered Final Judgment in favor of Plaintiff and against Euro Furniture in the total amount of $4,313.10, and reserved jurisdiction to assess Plaintiff's attorneys' fees and costs. ECF No. [40].

Plaintiff now moves for an award of attorneys' fees and costs as the prevailing party to this action. ECF Nos. [41] & [42]. Plaintiff also requests that the Court amend the Final Judgment to reflect enhanced damages pursuant to 35 U.S.C. § 284. ECF No. [43]. The Court addresses each motion in turn, beginning with Plaintiff's Motion for Enhanced Damages.

## II. MOTION FOR ENHANCED DAMAGES

In its Motion for Enhanced Damages, Plaintiff requests that the Court enhance damages by three times and alter the Final Judgment based upon Euro Furniture's willful patent infringement and misconduct. *See generally* ECF No. [43]. Upon review of the record and consideration of Plaintiff's submissions, the Court agrees that enhanced damages are warranted.

In a claim for patent infringement, "[u]pon finding for the claimant . . . the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284; *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016). There is no "rigid formula" for awarding enhanced damages; a court has "discretion in meting out enhanced damages." *Halo*, 579 U.S. at 107. The only requirement is that the case evidence "misconduct beyond typical

---

[1] Following the Stipulation, the Court entered an Order of Dismissal without Prejudice, ECF No. [32], dismissing this action without prejudice. The Court acknowledges that because the Stipulation was as to Akiskali only, the Court should have indicated that this action shall proceed against the remaining defendant—i.e., Euro Furniture.

3

infringement." *Id.* at 110. "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 103-04; *see also Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 198 F. Supp. 3d 1343, 1346 (S.D. Fla. 2016).

Here, enhanced damages are warranted because of Euro Furniture's willful conduct. Specifically, the Court already determined in its Order on Renewed Motion for Default Judgment that Euro Furniture "willfully infringed, and continues to infringe claims 1-8 and 10-14 of [Plaintiff's] U.S. Patent No. 10,182,659 ("the '659 patent"), claims 15-19 of Burrow's U.S. Patent No. 10,433,648 ("the '648 patent"), and claims 1, 2, 4-6, 8, 10-17, 19 and 20 of Burrow's U.S. Patent No. 10,932,580 ("the '580 patent")." ECF No. [38] at 3.

Additionally, Euro Furniture's default warrants an inference of willfulness. *See Mentor Grp., LLC v. Wu*, Case No. 09-cv-874, 2010 WL 2363511, at *3 (M.D. Fla. May 19, 2010) ("By failing to answer the Complaint, [d]efendant is deemed to have admitted that he deliberately and willfully infringed the Patents."); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004) ("[T]he Court may infer willfulness from [defendant's] default."). Despite having been properly served and appearing in this action, Euro Furniture has made no attempt to defend itself against Plaintiff's allegations of willfulness. *See* ECF No. [1]. Instead, Euro Furniture has elected to admit these allegations by failing to respond to the Complaint and allowing for the entry of Clerk's Default and Final Judgment. ECF Nos. [22], [38], & [40]. Additionally, the record reflects that Plaintiff has expended substantial effort to engage Euro Furniture, to no avail. Specifically, despite proper service on its registered agent and the Courts orders requiring a proper appearance and response to the Complaint, Euro Furniture has not retained counsel to make an appearance in this matter. Further, as noted by the clerk in its notices

of undeliverable mail, Euro Furniture is no longer accepting mail at its registered address. ECF Nos. [35], [36], & [37].

Accordingly, Plaintiff's Motion for Enhanced Damages is granted. The Court enhances damages from $4,313.10 to a total of **$12,939.30**.[2]

### III. MOTION FOR FEES

Plaintiff seeks an award of attorneys' fees pursuant to 35 U.S.C. § 285. ECF No. [41]. Section 285 of the Patent Act allows a court to grant attorneys' fees to the prevailing party in a patent infringement case in "exceptional cases." 35 U.S.C. § 285. An award of attorneys' fees is appropriate where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014). An exceptional case may be proven by a showing of willful infringement. *See Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001). As explained above, Euro Furniture has admitted by its failure to answer the Complaint that its infringement was deliberate and willful. Thus, an award of attorneys' fees is warranted. *See True Mfg. Co., Inc. v. Christopher Boys*, Case No. 16-cv-634-Orl-37GJK, 2016 WL 7030407, at *2 (M.D. Fla. Dec. 2, 2016).

The Court uses the lodestar method to determine a reasonable fee and analyzes both the hourly rate requested and the number of hours expended. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The reasonable hourly rate is defined as the

---

[2] While not included in its Motion for Enhanced Damages, Plaintiff's proposed order on the Motion includes language awarding prejudgment interest. ECF No. [43-1]; *see also* ECF No. [34]. In general, "[p]rejudgment interest should ordinarily be awarded." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). "[A]n award of prejudgment interest serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongfully deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996) (citing *Gen. Motors Corp.*, 461 U.S. at 655-56). Accordingly, Plaintiff is entitled to prejudgment interest rate of 3.25% from the date of filing the Complaint, compounded semiannually.

"prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999) (quoting *Norman*, 836 F.2d 1292, 1299 (11th Cir. 1999)). "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Tyler v. Westway Automotive Service Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU*, 168 F.3d at 428. When a request for attorneys' fees is unreasonably high, a court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *See Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 131 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Here, Plaintiff seeks an award for the legal services of several timekeepers at the law firm of Dentons US LLP. The individual timekeepers and their qualifications, hourly rates, and hours expended are summarized below:

| Timekeeper | Years of Experience/Position | Hourly Rate | Hours Expended |
|---|---|---|---|
| M. Hogge | 30+ years of experience, partner, chair of Dentons' legacy Patent Litigation practice, registered patent attorney. | $790 | 47.6 |
| D. Metzger | 30+ years of experience, partner, registered patent attorney. | $790 | 9.6 |
| R. Noronha | 15+ years of experience, former counsel at Dentons US LLP, patent litigator. | $650 | 22.6 |
| R. Tsibulevskiy | 10+ years of experience, counsel, patent strategist and registered patent attorney focusing on utility and design patent matters. | $550 | 25 |
| M. Irel | 30+ years of experience, member of litigation and dispute resolution practice. | $520 | 50.9 |

At first blush, counsel's hourly rates appear high for the South Florida Community. However, the Court recognizes that patent and intellectual property are specialized areas of law, which continue to command high attorney rates in South Florida. *See, e.g.*, *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290, 1304 (S.D. Fla. 2017) (recommending an award in 2017 at hourly rates of $830 and $530, respectively, in a patent litigation case). Further, Euro Furniture has failed to provide any evidence challenging the reasonableness of the requested hourly rates. In the absence of an objection and based upon the undersigned's own expertise, the Court founds counsel's hourly rates to be reasonable for the South Florida community. *See, e.g.*, *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848 (11th Cir. 2018) (affirming district court award of $645 to $675/hr for partners); *CBRE, Inc. v. Capital Com. Real Estate Group, Inc.*, No. 19-61235-CIV, 2019 WL 7708503, at *2 (S.D. Fla. Oct. 10, 2019). Accordingly, based on their experience, qualifications, and the prevailing market rates in South Florida (including counsel's experience in intellectual property and patent law), the Court approves the hourly rates requested.

Having determined counsel's reasonable hourly rates, the Court next addresses the reasonableness of the number of hours expended by Plaintiff's counsel. As a general rule, attorneys

must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotations omitted) (citations omitted). Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. "[E]xclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Plaintiff's fee request is based on 155.70 hours billed by counsel. *See generally* ECF No. [41-1]. The Court has reviewed counsel's billing records and finds that an adjustment is necessary to account for various billing inefficiencies. Specifically, a number of the time entries include instances of inappropriate "block billing."[3] For example, without indicating how much time was spent on each task, the July 6, 2021 time entry for 5.8 hours for attorney Noronha states "[d]raft and revise sections of complaint; [r]esearch background of Ferro Furniture and related entities and partners." ECF No. [41-1] at 9. Similarly, the time entry of September 30, 2021 for 1.5 hours for attorney Metzger states "[c]onference call with R. Tsibulevskiy and M. Hogge regarding Primo redesign and soon to be issued method claims and Ferro Furniture lawsuit; conference call with client and R. Tsibulevskiy and M. Hogge regarding Primo and Ferro Furniture lawsuit; review and provide suggested revisions to draft email for client to send to Primo." *Id.* at 22. The same type of

---

[3] "Block billing" is the practice of including multiple distinct tasks within the same time entry. *Interim Healthcare, Inc. v. Health Care@Home, LLC*, No. 17-CV-61378, 2019 WL 6791465, at *6 (S.D. Fla. Nov. 27, 2019), *report and recommendation adopted*, 2019 WL 6769666 (S.D. Fla. Dec. 12, 2019).

block billing occurs by attorneys Hogge, Tsibulevskiy, and Irel. *See, e.g.*, *id.* at 9, 22, 33.

Additionally, it is unclear to the Court whether certain time entries relate to this action. For example, on July 28, 2021, attorney Metzger's time entry for 0.8 states "[c]onference call with K. Chopra, S. Kuhl, R. Tsibulevskiy and M. Hogge regarding next steps in connection with this matter *and Primo matter*; follow up conference with R. Tsibulevskiy re same." ECF No. [41-1] at 11 (emphasis added); *see also id.* at 22, 26-28, 35-36. While the Court does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred. *See Hermosilla v. Coca-Cola Co.*, No. 10-21418-CV, 2011 WL 9364952 at * 15 (S.D. Fla. July 15, 2011).

Based on the foregoing, the Court concludes that a fee reduction is appropriate in this case. Rather than conducting an hour-by-hour analysis of counsel's time entries, the Court finds that an across-the-board 15% reduction to the fees requested to account for counsel's block billing and otherwise unrelated efforts is warranted. *See, e.g.*, *Shipping*, 283 F. Supp. 3d at 1306 (adopting recommendation for a 15% reduction in fees based on billing inefficiencies); *Rubenstein v. The Florida Bar*, No. 14-cv-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015) (recommending a 30% reduction to counsel's hours for use of block billing), *report and recommendation adopted*, 2015 WL 11216722, at *1 (S.D. Fla. Apr. 22, 2015); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut).

Accordingly, Plaintiff's Motion for Fees is granted in part and denied in part. The Court will award fees as set forth in the table below:

| Timekeeper | Hourly Rate | Hours | Hours Reduced by 15% | Fees |
|---|---|---|---|---|
| M. Hogge | $790 | 47.6 | 40.46 | $31,963.40 |
| D. Metzger | $790 | 9.6 | 8.16 | $6,446.40 |
| R. Noronha | $650 | 22.6 | 19.21 | $12,486.50 |
| R. Tsibulevskiy | $550 | 25 | 21.25 | $11,687.50 |
| M. Irel | $520 | 50.9 | 43.27 | $22,500.40 |
| **TOTAL** | — | 155.70 | 132.35 | **$85,084.20** |

### IV. MOTION FOR COSTS

Plaintiff also requests reimbursement of $565.60 in taxable costs pursuant to 28 U.S.C. § 1920. ECF No. [42]. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)).

Under 28 U.S.C. § 1920, the Court may tax the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The party seeking costs must not only show that the costs claimed are recoverable but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (citation omitted).

Plaintiff seeks to recover the following as costs: filing fees ($402.00) and service of process ($163.60). While Plaintiff is entitled to reimbursement for such costs, the Court finds that a reduction in the amount sought for service of process charges is warranted. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]"); *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C. § 1920(1) which permits taxation of "[f]ees of the clerk and marshal").

Specifically, while fees for private process servers may be taxed under § 1920(1), they may not exceed the fees authorized under the statute. *See Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014). Section 1921 directs the Attorney General to "prescribe by regulation the fees to be taxed and collected" for service." 28 U.S.C. § 1921. That rate has been set at $65 per hour (or portion thereof) for each process server, "plus travel costs and any other

11

out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Additionally, copies made in connection with service are to be taxed at $.10 per page. *Id.*[4]

Here, Plaintiff is only entitled to recover a total of $81.80 for costs in connection with perfecting service upon Euro Furniture. The Court's calculation is based on the following: $65 (statutory fee authorized) + $16.80 (copies made in connection to service, 168/pg. x .10). ECF No. [42-2] at 7. Upon a close review, it appears that Plaintiff seeks to collect service of process charges incurred in connection with serving Defendant Ferhat. ECF No. [42-2] at 8. However, Defendant Ferhat was dismissed from this action, *see* ECF No. [32], and Plaintiff is entitled to costs incurred only from the defaulting Defendant, Euro Furniture.

Accordingly, Plaintiff's Motion for Costs is granted in part and denied in part. Plaintiff is entitled to a total of **$483.80** in taxable costs.

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Fees, **ECF No. [41]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded **$85,084.20** in attorneys' fees.

2. Plaintiff's Motion for Costs, **ECF No. [42]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded **$483.80** in taxable costs.

3. Plaintiff's Motion to Alter Judgment, **ECF No. [43]**, is **GRANTED**. Plaintiff is awarded $**12,939.30** in treble damages.

4. The Court will enter an Amended Final Judgment by separate order.

---

[4] Plaintiff's "service of process" costs includes its printing costs in connection with service of process. The Court notes that such copying costs are recoverable. *Samana, Inc. v. Lucena*, No. 17-24677-CIV, 2019 WL 11623927, at *5 (S.D. Fla. Sept. 16, 2019), *report and recommendation adopted*, 2019 WL 11623925 (S.D. Fla. Dec. 16, 2019) ("Copying costs are recoverable if the copies were 'necessarily obtained for use in the case." (quoting 28 U.S.C. § 1920(4)).

Case No. 21-cv-22500-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 7, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Euro Furniture and Design LLC,
589 NW 72nd Avenue
Miami, FL 33166